IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| MOUNTAINTRUE and CENTER FOR BIOLOGICAL DIVERSITY, <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES FOREST SERVICE, ACTING FOREST SUPERVISOR CAVAN FITZSIMMONS, and APPALACHIAN DISTRICT RANGER JEN BARNHART, <br><br>Defendants. | Civil Case No. 1:25-cv-00393-MR-WCM |

**PLAINTIFFS' COMBINED MOTION FOR JUDICIAL SETTLEMENT CONFERENCE AND TEMPORARY ADMINISTRATIVE STAY**

Pursuant to Local Civil Rule 16.3(d), Plaintiffs MountainTrue and Center for Biological Diversity (collectively, "Conservation Groups"), respectfully request a judicial settlement conference in the above-captioned matter as soon as practicable. To preserve the status quo prior to that conference, Conservation Groups also seek an administrative stay of Defendants' approval of the Poplar timber sale, also known as Annie's Cove 04 (the "Project"), pending that conference. In support of this motion, Conservation Groups state as follows:

1. According to the Western District of North Carolina's Local Civil Rules, "[t]he Court favors the use of [alternative dispute resolution] . . . for the efficient and orderly resolution of civil cases." LCvR 16.3(a).

2. To that end, Local Civil Rule 16.3(d)(1) provides that "[a]ny party may . . . request a judicial settlement conference."

3. A judicial settlement conference is warranted here. Conservation Groups have negotiated in good faith with the Forest Service and counsel for the Defendants regarding the Poplar timber sale, without success. ECF No. 9-1 ¶¶ 4–9, 24–26.

4. Before filing litigation, Conservation Groups proposed a solution that would allow Defendants to conduct salvage harvest of dead, dying, or downed trees in the Project area without delay, subject to commitments necessary to mitigate harm flowing from violations of the National Environmental Policy Act and the governing Forest Plan. Specifically, Conservation Groups asked the Forest Service to: (1) exclude from logging areas designated by the Pisgah Forest Plan as Backcountry or Designated Old Growth Network; (2) obliterate roads and skid trails from the Backcountry and Designated Old Growth Network; (3) confine logging to areas of downed trees; and (4) impose mitigation measures for invasive species. *Id.* ¶ 30.

5. The Forest Service did not respond to this proposal. *Id.* ¶ 32.

6. Conservation Groups filed a complaint on November 6, 2025. Immediately after filing the complaint, Conservation Groups made multiple attempts to contact counsel for Defendants and seek a negotiated solution to avoid the necessity of seeking emergency relief. *Id.* ¶ 35–44. Conservation Groups proposed a similar solution to that outlined above. *Id.* ¶ 35.

7. Defendants declined this proposal. *Id.* ¶ 46.

8. Accordingly, on November 7, 2025, Conservation Groups filed a combined motion for a temporary restraining order and preliminary injunction. ECF No. 8.

9. Following emergency briefing, this Court held a hearing on Conservation Groups' combined motion on November 12, 2025. During the hearing, Defendants shared new information about the Project that suggested that the parties might be able to find a mutually acceptable resolution.

10. Following a recess, the Court indicated that it was in a position to issue an interim decision. The Parties informed the Court that they had begun constructive discussions and respectfully requested that the Court hold its interim decision in abeyance pending the outcome of continued negotiations. The Court agreed to hold its interim decision in abeyance until Friday, November 14, 2025.

11. The Parties' continued negotiations have been unproductive.

3

12. Conservation Groups continue to believe that resolution should be possible through good-faith negotiation.

13. Accordingly, Conservation Groups respectfully request that the Court convene a judicial settlement conference to resolve this matter in an "efficient and orderly" matter. LCvR 16.3(a). Because of the emergency nature of the situation, *see* ECF No. 9 at 17–20, Conservation Groups request that the Court hold a conference as soon as practicable.

14. Because logging is ongoing, Conservation Groups also respectfully request that the Court enter a temporary administrative stay of Defendants' approval of the Project pending the settlement conference. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay) (noting courts have the equitable power to issue a temporary administrative stay that preserves the status quo "until the court can rule on a party's request for expedited relief" (citation omitted)). The purpose of a temporary administrative stay is "to preserve the status quo" pending further action from the Court. *Planned Parenthood Monte Mar, Inc. v. Ford*, 2025 WL 1210968, at *6 (D. Nev. April 25, 2025) (granting temporary administrative stay).

15. Pursuant to Local Rule 7.1(b), Conservation Groups conferred with opposing counsel to obtain Defendants' position on Conservation Groups' request. Defendants' position is as follows: "Defendants oppose Plaintiffs' motion for

administrative stay pending judicial settlement conference. The parties are at an impasse in this case. Defendants respectfully request that the Court enter an order on Plaintiffs' pending motion for emergency injunctive relief."

Respectfully submitted, this 13th day of November, 2025.

/s/ Clara Derby
N.C. Bar No. 62330
Spencer Scheidt
N.C. Bar No. 57078
Sam Evans
N.C. Bar No. 44992
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave, Suite 304
Asheville, NC 28801-3321
Telephone: 828-258-2023
Facsimile: 828-258-2024
cderby@selc.org;
sscheidt@selc.org;
sevans@selc.org

*Attorneys for Conservation Groups*

# CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's Standing Order entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this Motion, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this Motion has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 13th day of November, 2025.

/s/ Clara Derby
Clara Derby